IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**STEVE T.**,

      **Plaintiff,**

v.                                                     Case No.: 2:23-cv-00191

**MARTIN J. O'MALLEY,**
**Commissioner of the**
**Social Security Administration.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. (ECF No. 15). Defendant filed a brief in opposition to the amount of fees requested by Plaintiff, (ECF No. 17), and Plaintiff has filed a response to Defendant's objections. (ECF No. 18). For the reasons that follow, the Court **GRANTS**, **in part**, and **DENIES**, **in part**, Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA").

The EAJA allows a civil litigant who prevails against the United States to recover attorney's fees "unless the Court finds that the position of the United States was substantially justified" or "special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The fees awarded by the Court must be reasonable. 28 U.S.C. § 2412(b), To receive attorney's fees, the prevailing party submits a fee application with an itemized statement from the party's attorney setting forth the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B). "Once the

1

district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Mahnken v. Comm'r of Soc. Sec.*, No. 3:21-CV-00349-FDW, 2023 WL 4750125, at *1 (W.D.N.C. July 25, 2023) (quoting *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002)).

The court starts with "a lodestar figure," which is determined by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The court does not include hours expended that are "excessive, redundant or otherwise unnecessary" because those hours are not considered "reasonable." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). When determining the lodestar amount, the court considers various factors, including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)). The lodestar figure may be "adjusted upward or downward" based on these twelve factors, as well as other considerations of the court. *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012). The

burden of establishing a reasonable rate and demonstrating that a reasonable number of hours were expended rests with the party seeking attorneys' fees. *McGee v. Cole,* 115 F. Supp. 3d. 765, 771 (S.D.W. Va. 2015) (citing *Hensley,* 461 U.S. at 433).

Here, the Commissioner does not dispute that Plaintiff is entitled to attorney's fees under the EAJA. (ECF No. 17 at 1). Moreover, the Commissioner does not object to the hourly rate of $230 for attorneys and $75 for paralegals, and similar rates were recently found to be acceptable in this circuit. *Martin v. Kijakazi*, No. 1:22-CV-848, 2023 WL 5921364, at *3 (E.D. Va. Aug. 31, 2023). However, the Commissioner contends that the amount of the fees requested is excessive. In support of his position, the Commissioner argues that the fees sought are nearly $2000 more than the average EAJA fee awarded within the district in fiscal year 2023 despite the fact that the case is not novel, the transcript is shorter than average, only two issues were in dispute, the case was resolved after Plaintiff's initial brief, and Plaintiff's counsel is an experienced litigator. (*Id.* at 1-2). Furthermore, the Commissioner asserts, Plaintiff seeks reimbursement for clerical and other non-compensable work and supplies an itemized statement that includes improper block billing and duplicative entries. (*Id.* at 2).

In response, Plaintiff concedes that there are nine paralegal entries on the itemized bill that, while they represent time actually spent, are probably not compensable. (ECF No. 18 at 2). As to the remaining challenges raised by the Commissioner, Plaintiff argues that they are not justified. Plaintiff points out that his attorney was not in the case until after the administrative hearing; accordingly, the attorney had to familiarize himself with the entire record including all of the nonmedical portions. (*Id.* at 2-3). He adds that while there were only two issues presented in the briefing, a thorough review of the record included counsel considering all potential issues before making the ultimate decision

about which challenges to present to the court. (ECF No. 18 at 3). Plaintiff contends that the experience of his lawyer should not be used as a weapon against him, but should be recognized for its value. Counsel's experience is precisely why the focused review of the record allowed counsel to effectively identify and present the legal errors that resulted in the Commissioner voluntarily remanding the case for reconsideration. (*Id.* at 3). Plaintiff maintains that his lawyer's experience should not be punished, but should be rewarded for interjecting efficiency into the process. (*Id.*). Finally, Plaintiff takes issue with the Commissioner's contention that too much time was spent briefing the case given that it was not particularly novel or complex. Plaintiff opines that it is preferable to be thorough and analyze the issues from all angles before writing the brief even though "[a] short and persuasive document oftentimes takes more time to prepare than a long and rambling document." (*Id.*) (quoting *Moore v. Apfel,* 63 F. Supp.2d 905, 907 (N.D. Ill. 1999)).

    Having conducted a meticulous review of the itemized time record submitted by Plaintiff, the transcript and the briefing, the Court finds that there are some time entries that are not reimbursable because they are duplicative, largely clerical, or are excessive for the task described in the entry. *See, e.g., McKinney v. Kijakazi,* No. 3:20-CV-00278-KDB-DCK, 2022 WL 17342880, at *1 (W.D.N.C. Nov. 30, 2022) ("[C]lerical tasks are not compensable."). In at least one district in this circuit, clerical tasks include: (1) collating and filing documents with the court; (2) issuing summonses; (3) scanning, and mailing documents; (4) reviewing files for information; (5) printing pleadings and preparing sets of orders; (6) document organization; (7) creating notebooks or files and updating attorneys' calendars; (8) assembling binders; (9) emailing documents; and (10) logistical telephone calls with the clerk's office or the judge's chambers. *Jermaine G. v. Kijakazi*, No. CV GLS-21-2445, 2023 WL 5346140, at *5 (D. Md. Aug. 21, 2023). Indeed, even

preparing a complaint has been found to be "clerical" in nature by some courts. *Id.* While substantive discussions with clients are reimbursable, preparing and receiving documents related to the representation of a client and updating a client on the status of his case are not reimbursable activities. *Fryar v. Saul*, No. 7:19-CV-198-RJ, 2021 WL 769664, at *3 (E.D.N.C. Feb. 26, 2021). Reviewing court documents generally is a compensable activity when performed by an attorney, but the amount of time should not be overstated, and the review should not be duplicated by more than one person. *Id.*

In this case, with respect to the paralegal entries, the first two entries involve communications with the client and initial paperwork. Because it is impossible to determine what portion of these entries reflect reimbursable time, one half of that time will be deducted, leaving .65 hours. Despite the determination of some districts, the undersigned finds that drafting the complaint and IFP are reimbursable activities, but the remainder of the paralegal billing, with the exception of a client call, are either clerical or duplicative of attorney entries. Accordingly, another .25 and .7 will be permitted for paralegal time, totaling 1.6 hours at $75 per hour, or $120.00.

As to attorney entries, editing the complaint should not be necessary given that the paralegal charged .7 hours to draft a short, simple complaint that appears to follow an office template. A total of .1 for the review of all of the court documents seems fair, *Taylor v. Kijakazi,* No. 2:21-CV-41-RJ, 2023 WL 2569983, at *2-*3 (E.D.N.C. Mar. 17, 2023), as does 7.2 hours to review the file, identify issues, communicate with the client, and communicate with the Defendant concerning remand. Four hours for research, which is often necessary to ensure that there are no recent changes in the law, 14 hours to write and edit the brief—which included significant research, and .5 hours for the EAJA petition are likewise reasonable considering the *Johnson* factors and counsel's late introduction

into the case. This adds up to 25.8 hours of attorney billing at $230 per hour, or $5,934.00.

Accordingly, it is hereby **ORDERED** that Plaintiff is awarded attorney's fees in accordance with 28 U.S.C. § 2412(d) in the amount of **Six Thousand Fifty Four Dollars and Zero Cents, ($6,054.00).** These attorney's fees shall be paid directly to Plaintiff and delivered to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney's fees will be contingent upon a determination by the Commissioner that Plaintiff owes no qualifying, pre-existing federal debt(s). If such debt(s) exists, the attorney's fees awarded in this Order shall be reduced to the extent necessary to satisfy such debt(s).

The Clerk is instructed to forward a copy of this Order to counsel of record.

**ENTERED:** December 26, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge